**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RONALD L. WHITE,**
        **Plaintiff,**

   **v.**                                 **01-CV-0330**
                                               **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
        **Defendant.**

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:** | |
| Oot & Associates Law Firm | NEAL P. McCURN JR., ESQ. |
| 503 East Washington Street | |
| Syracuse, NY 13202 | |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY | WILLIAM H. PEASE |
| United States Attorney | Assistant U.S. Attorney |
| PO Box 7198 | |
| 100 South Clinton Street | |
| Syracuse, NY 13261-7198 | |

**Gary L. Sharpe**
**U.S. District Judge**

## **DECISION AND ORDER**

### **I. INTRODUCTION**

Ronald White challenges the denial of disability benefits by the Commissioner of Social Security. White brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### **II. CONTENTIONS**

White contends that the Administrative Law Judge (ALJ) erred by not giving controlling weight to his treating physician's opinion. The Commissioner counters that substantial evidence supports the ALJ's disability decision.

### **III. FACTS**

The evidence in this case is not in dispute and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 2-6, Dkt. No. 6; Def.'s Br., pp. 3-10, Dkt. No. 7.*

## IV.  DISCUSSION

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is reviewed by a court after an appeal is filed.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

3

F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

    The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B.  **Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months ..." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, he will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three

---

[1] In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003. See 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that White satisfied Step One because he had not worked since October 17, 1995. (Tr. 20).[3] In Step Two, the ALJ determined that White's back condition constituted a severe impairment. *Id.* In Step Three, the ALJ determined that his impairments failed to meet or equal a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.* In Step Four, the ALJ determined that White did not have the RFC to perform his past relevant work as an electrical technician. *Id.* In Step Five, the ALJ determined that White had the RFC for light duty work. *Id.* Consequently, he found White not disabled and denied benefits.

## C. Treating Physician Rule

White contends that the ALJ incorrectly determined his RFC. More specifically, he maintains that the opinion of his treating physician, Dr. George, was not given controlling weight.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see*

---

[3]"(Tr.)" refers to the page of the Administrative Transcript in this case.

8

*Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *Id.*  Furthermore, where the evidence in the record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the

9

evidence and make a disability determination based on the totality of that evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, White contends that the ALJ erred because he gave greater weight to the opinion of Dr. Wilemon, a workers' compensation physician, than to Dr. George, White's treating physician. White also claims that the ALJ ignored Dr. George's finding of total disability. These contentions are without merit. Dr. Wilemon examined White on behalf of a workers' compensation carrier in March 1996, and concluded that White's back problems were not likely sustained during the course of employment. (Tr. 156). To reach this finding, Dr. Wilemon found that White's gait and stance were normal, heel and toe walking were normal and his spinal alignment was normal. Dr. Wilemon also conducted a series of other tests that indicated White did not have a serious back condition. The ALJ's decision is supported by substantial evidence because the ALJ cited Dr. Wilemon's test results as a supplement to the opinion of Dr. George and did not solely rely on the opinion of Dr. Wilemon. (Tr. 15). Moreover, there is no indication in the record that the ALJ gave more weight to the findings of Dr. Wilemon than to those of Dr. George.

Secondly, the ALJ did not ignore a finding of total disability by Dr.

10

George because Dr. George never explicitly made such a finding.  On the contrary, Dr. George repeatedly found that White was capable of light duty employment.  For instance, in December 1995, Dr. George opined that he was changing White's status to temporarily mildly partially disabled.  (Tr. 140).  In May 1996, Dr. George opined that "I would have to classify him as being permanently moderately partially disabled, [h]e will never be able to return to the physically demanding work he was doing at Auburn Armature and he would be appropriate for light duty employment only." (Tr. 148).

In August of 1996, Dr. George opined that White is *possibly* even permanently totally disabled because he does not really have the educational background to find appropriate light duty employment.  (Tr. 154).  These statements regarding White's future employability and education level did not show that he could not work and were properly discounted by the ALJ.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Indeed, the ALJ ultimately found he was limited to light work, consistent with the opinion of Dr. George and the evidence in the record. Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

11

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

November 18, 2005  
Albany, New York

*Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge